The opinion of the court was delivered by
Watkins, J.
This is the second appearance of this case. When *1120 last before us (41 An. 996) it was fully examined, and all the issues therein presented were decided except one, and that is “the amount of capital and the value of machinery and property of plaintiff, as was employed in 1882 in the manufacture of sashes, doors and blinds.” It is specially excepted in the decree of the court, and the cause was remanded for the purpose of enabling the court a qua to determine the amount, on the administration of proof. The decree in terms reversed the judgment that was appealed from, in “ so far as it perpetuates the injunction issued to prevent the sale of such of plaintiff’s property as is employed in the manufacture of cabins and planks.” It was “ contingently affirmed in other respects;” i. e., in respect to “ the amount of capital and the value of machinery and property (that) was employed in 1882 in the manufacture of sashes, doors and blinds.” This amount being ascertained, the District Judge was instructed “ to exempt the same from taxes of 1882.”
In other words, the court in the case settled the principles of law that were involved — i. e., that the property assessed and advertised for sale was and is a manufactory of articles of wood, in so far as sashes, doors and blinds are concerned, and that same are therefore exempt from taxation under Article 207 of the Constitution; but that, in respect to cabins and planks, it was not such a manufactory, and they were not exempt — and contingently affirmed said judgment, leaving a question open in respect to the value of the property thus employed in 1882.
•This is the question presented in this appeal. On the trial the court a qua rejected the plaintiff’s demands in toto, exempted no> part of her property, and dissolved her injunction at her cost.
An examination oí the record discloses that there were several witnesses interrogated, and who testified as to the nature of the different businesses carried on by the plaintiff, and the amount and value of the capital and property she employed in her factory in 1882. ' One of the witnesses, who appears to be best informed in regard to the matter, states that “he would estimate the value of the machinery employed in manufacture at $6000. * * * They manufacture doors and blinds to the extent of $4000 or $5000 per annum. Also manufacture various other articles of wood nece’ssary and ready for use; tongued and grooved flooring, ceilings, weatherboards, mouldings, wainscotting, corrugated ceiling, feather-edged boards, and all other articles of wood. * * * That he makes *1121 “Garre cabins” for the firm, and they require doors, blinds, etc. * * * That the cabins are prepared, manufactured, ready to be put up, with doors, blinds and sashes — all prepared to be nailed together.”
This witness gives the most accurate and intelligent idea of the business in which the plaintiff is engaged that the record contains; but it unfortunately is not restricted to, or fairly explanatory of the matter at issue, viz: “The amount of capital and the value of machinery and property as was employed in 1882 in the manufacture of sashes, doors and blinds.” It is quite true that the testimony does show that “the value of the machinery employed in manufacture’ ’ in 1882 was §6000; but it is far from showing that this machinery was solely engaged in the manufacture of sashes, doors and blinds. It is quite true that the testimony shows that plaintiff manufactures “doors and blinds to the extent of §4000 or §5000 per annum, but it fails to show “ the amount of capital and the value of machiiiery ” thus employed.
It was the imperative duty of the plaintiff to have furnished proof that would make her right to the exemption claimed, certain. This she has not done. “Doubt is fatal.” Exemptions from taxation are to be strictly construed. The3^ are strictissime juris.
There is, however, an additional fact worthy of consideration, and that is that the total value of all plaintiff’s property as assessed, is ■§6300. The assessment does not specify the machinery employed in manufacture, as being part of the property assessed. Nothing but real estate is mentioned. But conceding for the argument, that it includes the machinery as immovable by destination, and plaintiff’s case is not improved. For th'e proof shows that her properties in 1882 were worth about §17,000, and consequently the assessment was §10.700 under its valuation. There is nothing in the record to show why the assessment was so small, in comparison with the value of the property. It may be that the assessor took plaintiff’s alleged exemptions into consideration, and deducted same from the aggregate valuation. But whether this is, or not the case, it is manifest that plaintiff is exonerated from a larger amount of the burdens of taxation, than the exemption she urges would entitle her to.
The District Judge appears to have entertained this view, and we do not think there is anything in the record that justifies the appellant’s complaint.
Judgment affirmed.